cc: order, docket
remand letter to
Los Angeles Superior
Court No. BC 429774

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                   Not Present

**Proceedings (In Chambers):   ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [10]**

The matter is before the Court on Plaintiff Andrew Harris' ("Harris") Motion to Remand. (Docket No. 10.) The motion is made on the basis that the facts alleged in the Complaint do not support a finding of diversity jurisdiction. 28 U.S.C. § 1332. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After careful consideration of the parties' papers, the motion is **GRANTED.**

### I.   FACTUAL BACKGROUND

Plaintiff, as an individual and as the personal representative of the Estate of Alissa Harris, (the "Decedent"), commenced the instant action in the Los Angeles County Superior Court against Defendants Indianapolis Life Insurance Company ("Indianapolis") and Ellion Financial and Insurance Services, Inc. ("Ellion") (collectively, "Defendants") under various state statutory and common law theories. The gravamen of this action is that Defendants, *inter alia*, engaged in deception and misrepresentation to avoid paying Plaintiff and the Decedent's estate the insurance proceeds from the Decedent's term life insurance policy ("the Policy").

The following facts are alleged in the Complaint.

Indianapolis is an Indiana corporation authorized to do business and was transacting business in California. Ellion is a California corporation operating in Glendale, California.

The Decedent was the insured on a term life insurance policy, Policy Number lL00650830,

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

which was issued initially on June 9, 2006, in the amount of $500,000. Plaintiff, Decedent's husband, is the sole beneficiary of her life insurance policy. Defendant Indianapolis, the carrier of the Policy, agreed and contracted, to pay the proceeds of the same to the named beneficiary upon tender of proof of the insured's death.

The Decedent was a social worker with the County of Los Angeles and continuously and timely paid her quarterly premiums on the subject policy via automatic draft from her personal checking account until she stopped working due to disability in or about February 2008. On or about March 24, 2008, Plaintiff, the Decedent's personal representative, paid her next premium payment covering the March, April, and May 2008 period. Defendants accepted this payment. The next policy premium payment was due on or about May 9, 2008.

Sometime before May 9, 2008, while Decedent was suffering from breast cancer, disabled, and unable to manage her own business affairs without assistance, Plaintiff called Defendant Indianapolis to make arrangements for the May premium payment. Indianapolis stated that they would not accept payment from Plaintiff. Plaintiff alleges that such a statement was made for the purpose of inducing or tending to induce the policyholder, and her personal representative to forfeit or surrender the insurance policy.

Plaintiff again called back on May 13, 2008 (within the grace period) and asked to speak to a supervisor in a further attempt to pay the premium on the Policy. At this time, the Policy was still in full force and effect. Plaintiff spoke with another Indianapolis representative who claimed to be a supervisor. Plaintiff disclosed to Indianapolis that his wife was ill and incapacitated. The Indianapolis representative again misrepresented to Plaintiff that she could not accept payment from him and refused his payment on the Policy. The representative then told Plaintiff that she would send Decedent a letter which she would have to sign and which would authorize acceptance of Plaintiff's payment. It is Plaintiff's position that this representation was a ruse and was intended and designed to lure Plaintiffs into a false sense of security and further delay and discourage any attempts on the part of Plaintiff to pay the policy's premium. Ultimately, Indianapolis failed to send any such authorization nor would they accept payment. No cancellation notice was ever sent out to either Plaintiff or the Decedent.

Defendant Ellion was the authorized agent for Indianapolis. Ellion sold the subject policy to the Decedent. Plaintiff alleges that Indianapolis told Ellion about the Decedent's illness and its severity. Plaintiff further alleges that Ellion knew that Indianapolis intended to wrongfully terminate the Decedent's policy by refusing payment on the premium. Ellion could have, but did not, facilitate acceptance of payment on the policy, and did so in order to protect its own claims

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

record and its financial well-being.

Plaintiff alleges that Defendants' misrepresentations and wrongful conduct, among other things, constituted material misrepresentations of the respective parties rights and obligations under the subject policy, and were made for the purpose of inducing the policy holder and her personal representative to forfeit the Policy. Such refusals to accept a premium payment after being advised of the policyholder's illness was clearly intended to discourage Plaintiff and the Decedent from maintaining the Policy. Defendants' conduct constituted exploitation of the insured's and her husband's vulnerable position.

The Decedent later succumbed to her illness and passed away in early 2009.

On January 14, 2010, Plaintiff filed this action in the state court alleging causes of action for: (1) violation of Cal. Ins. Code § 790.03; (2) breach of covenant of good faith and fair dealing; (3) breach of contract; (4) fraud; (5) declaratory relief; and (6) penal damages pursuant to Cal. Civ. Code § 3345.

On May 13, 2010, Aviva Life & Annuity Company ("Aviva Life"), as successor in interest to Indianapolis, issued a check in the amount of $517,050.56 to Plaintiff, as payment of the death benefits due under Decedent's life insurance policy. (Braugh Decl. ¶ 8, Exh. F.)

On May 25, 2010, Defendant Indianapolis removed the action to this Court on the basis of diversity jurisdiction. Indianapolis claims that the non-diverse defendant, Ellion, was fraudulently joined for the sole purpose of defeating diversity. (Notice of Removal ¶¶ 14-28.) Indianapolis claims that the amount-in-controversy requirement is met because the face value of the Policy was $500,000 and Plaintiff seeks additional exemplary and penal damages and other forms of relief pursuant to Defendants' breach of the Policy. (*Id.* ¶¶ 30-32.) Of course, Indianapolis does this without disclosing to the court that Aviva Life issued Plaintiff payment on the Decedent's Policy.

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

## II.   LEGAL STANDARD

A defendant may remove a civil action from state court to federal court pursuant to the federal removal statute, based on either federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

Harris asks the Court to remand this action to the Los Angeles County Superior Court on the grounds that there is no complete diversity of citizenship and the amount in controversy requirement has not been met.

The amount in controversy is measured at the time of removal. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> In cases brought in the federal court . . . it must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal. . . . A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938); *see also, Gaus,* 980 F.2d at 566. If it is unclear what amount of damages the plaintiff has sought, the defendant bears the burden of actually proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Gaus*, 980 F.2d at 566-567; *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998). Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To

O / JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

determine the amount in controversy, the court must first examine the complaint to ascertain whether it is "facially apparent" that the claims exceed the jurisdictional amount. *Greenberg*, 134 F.3d at 1253. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Id.*

In the instant case, Defendant Indianapolis argues that it is facially apparent from the Complaint, and the evidence demonstrates, that the amount in controversy exceeds $75,000. (Opp'n at 12.) Indianapolis contends that "[t]he amount in controversy in cases dealing with life insurance policies necessarily is the face amount of the policy." (*Id.* at 18 (quoting *Jefferson v. Liverpool & London & Globe Ins. Co.*, 167 F. Supp. 389, 392 (S. D. Cal. 1958).) Here, the face amount of the policy is $500,000, which is well above the jurisdictional minimum. Further, Indianiapolis notes that even without considering the value of the Policy, Plaintiff specifically alleges that he has suffered the following types of damages as a result of Defendants' conduct: (1) loss or encumbrance of a primary residence; (2) loss of principal employment or source of income; (3) substantial loss of property set aside for retirement, or for personal or family care and maintenance; (4) substantial loss of payments received under a pension or retirement plan or a government benefits program; (5) substantial loss of assets essential to the health or welfare of the disabled person; and (6) substantial physical, emotional, or economic damages. (Compl. ¶¶ 81-82.) Further, Plaintiff prays for punitive damages (*Id.* ¶ 83.) Based on the allegations in the Complaint, Indianapolis claims that Plaintiff's characterization of the damages as "substantial" as well as his request for punitive damages put the total amount in controversy well over the $75,000 threshold.

Plaintiff is correct that the amount in controversy is insufficient to establish diversity jurisdiction. While the Court acknowledges that the face value of the Policy at issue in this case, exceeds the jurisdictional minimum, there is no dispute that Plaintiff has already been paid death benefits in the sum of $517,050.66 under the Policy. As Plaintiff concedes, the contractual damages cannot be recovered a second time. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) ("We conclude that in the few cases involving a rule or measure of damages that limits liability, we may go beyond the pleadings for the limited purpose of determining the applicability of the rule or measure of damages.") As such, Plaintiff is correct in concluding that the only items that should be considered when deciding whether removal was proper are Plaintiff's remaining claims for damages save for the amount on the face of the Policy. (Mot. at 14.) Having taken the face value of the Policy out of the equation and looking at the remaining claims for damages only, the Court cannot say that the amount in controversy exceeds the jurisdictional amount. Indianapolis has failed to provide any evidence whatsoever establishing that it is more likely than not that the amount in controversy exceeds the jurisdictional threshold.

O / JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3934 ODW (AGRx) | Date | July 22, 2010 |
|---|---|---|---|
| Title | *Harris et al. v. Indianapolis Life Ins. Co. et al.* | | |

Based on the foregoing, the Court concludes that the amount in controversy requirement to support diversity jurisdiction has not been met. In light of the Court's disposition of the issue regarding the amount in controversy, the Court need not reach the issue of whether Ellion is a sham defendant.

### IV.  CONCLUSION

Having duly considered the matter, the motion to remand is **GRANTED** and the case is **REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT.**

**IT IS SO ORDERED**.

---- : 00

Initials of Preparer    RGN